UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV311-J

PAMELA TEDESCO o/b/o
PETER J. TEDESCO, deceased                                            PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                        DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Pamela Tedesco ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g) denying her deceased husband's claim to disability insurance. After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that this matter should be remanded for consideration of new and material evidence.

## PROCEDURAL HISTORY

On October 24, 2004, Claimant filed application for disability insurance benefits, alleging that he became disabled as of September 17, 2004. After a hearing, Administrative Law Judge D. Lyndell Pickett ("ALJ") determined that Mr. Tedesco's type two diabetes mellitus, hyperlipidemia, neuropathy and asthma were severe impairments, but that they did not prevent him from returning to his past relevant work as a school bus coordinator. This became the final decision of the Defendant when the Appeals Council denied review on April 27, 2007.[1]

---

[1] Mr. Tedesco died subsequent to the ALJ's decision, and decedent's representative, was substituted as party plaintiff.

## REMAND FOR CONSIDERATION OF NEW EVIDENCE

Before reaching the question of whether substantial evidence supports the decision of the Commissioner, the Court must address plaintiff's motion to remand for consideration of new and material evidence. The limited circumstances under which a remand is permitted arise when the party seeking remand shows that: (1) new and material evidence is available; and (2) good cause exists for not first presenting the evidence to the ALJ. See Willis v. Sec'y of Health & Human Servs., 727 F.2d 551, 554 (6th Cir.1984). New evidence must indeed be new; it cannot be cumulative of evidence already in the record. See Szubak v. Secretary of Health and Human Servs., 745 F.2d 831, 833 (3d Cir.1984), cited in Robertson v. Shalala, 91 F.3d 144 (6th Cir. July 8, 1996). New evidence is material when the movant shows a reasonable possibility that the evidence would have changed the outcome of the ALJ's decision. See Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711 (6th Cir.1988).

The evidence offered by plaintiff in this case concerns the circumstances of Mr. Tedesco's death. She notes that the death certificate listed Mr. Tedesco's cause of death as "hypertensive cardiovascular disease." The Commissioner argues that the evidence only shows a worsening of the condition and contends that it is not be material with regard to the time period relevant to this claim. Plaintiff, however, believes the evidence concerns the relevant time period, suggesting that the death certificate (presumably combined with other evidence regarding his final illness) indicate that Mr. Tedesco's impairments were more advanced and imposed greater limitations than were found by the ALJ.

It is readily apparent that the evidence could not have been earlier presented to the ALJ, so the "good cause" requirement is satisfied. In light of the specific impairments identified by the ALJ,

the Court believes there is a reasonable probability that the evidence would have changed the outcome of the ALJ's decision had it been available.

An order in conformity has this day entered.